(No. 98-CV-2650—

*In re* APPLICATION OF LOUIS G. APOSTOL, on Behalf of the Estate of MILDRED WOLF

*Order filed September 10, 1999.*

LOUIS G. APOSTOL, for Claimant.

JAMES E. RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

This cause comes on to be heard on the Claimant's request for reconsideration, due notice having been given, no response having been filed, and the Court being advised, finds:

In the Court's initial decision, which was issued on December 9, 1998, compensation was denied based on the information provided in the investigatory report from the office of the Attorney General. The rationale was stated as follows:

"3. That the Claimant seeks compensation on behalf of the estate of the deceased victim under the Act for funeral and burial expenses.

4. That the Court has consistently held since the Court's decision in the case of *In re Application of Garland F. Daill, Jr.*, No. 77-CV-0716 that:

'Although not specifically included among the class of potential beneficiaries under the Act, the estate of a deceased victim is eligible for benefits under the Act, if it is shown that the person or persons who would inherit the estate had his or their portion or portions of the inheritance reduced by an amount for which he or they could have been reimbursed or compensated under the Act had they eventually paid out the amount themselves on behalf of the deceased victim.'

This reasoning is wholly applicable to the instant case.

5. That the funeral and burial expenses were paid by the estate in the amount of $3,620.69.

6. That predicated on the Court's ruling, an estate of a deceased victim is eligible for compensation provided that the beneficiaries are eligible for compensation under the Act. [Crime Victims Compensation Act, 740 ILCS 45/1 *et seq.*]

7. That §6.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, §6.1(d) of the Act [provides for compensation] if the beneficiary is not the offender or an accomplice of the offender and the award would not unjustly benefit the offender or his accomplice.

8. That available evidence indicates that the victim was fatally stabbed by her grandson, the alleged offender. The claimant is the administrator of the victim's estate and the alleged offender is the beneficiary. Thus, an award to the claimant would unjustly benefit the alleged offender."

In its request at bar, the Claimant posits that, even though the alleged perpetrator, Garrett De Toledo, may eventually be found guilty, other heirs, heirs who are innocent, should not be deprived of compensation. The Claimant seeks to have the decision modified so as to read that:

"The Estate of Mildred Wolf deceased is hereby awarded the sum of $3,620.69 as reimbursement for the funeral and burial expenses incurred by it provided and on condition that a court of competent jurisdiction finds that the deceased's grandson, Garret De Toledo, shall not receive any property, benefit, or other interest by reason of the death of Mildred Wolf."

We tend to agree with the Claimant's position and will vacate the denial. However, we will not enter an award at this time. Although the Claimant has overcome the hurdle of the unjust benefit issue, the record contains no information that other heirs are persons who would otherwise be entitled to recompense for funeral expenses had they actually paid the expenses themselves.

It is therefore ordered that the opinion entered December 9, 1998, be and hereby is vacated; it is further ordered that this claim is referred back to the office of the Attorney General for further investigation and report on the issue noted above and any other potential defense not heretofore raised and the Claimant is to contact the office of the Attorney General and provide such additional documentation as is needed to resolve this claim.